Case 4:15-cv-02093   Document 24   Filed in TXSD on 06/14/16   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
June 14, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICHARD ALLEN WOMACK, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:15-CV-2093 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on petitioner Richard Allen Womack's petition for a writ of habeas corpus, respondent Lorie Davis' motion for summary judgment, and Womack's motion for summary judgment. Having carefully considered the petition, the motions, all the arguments and authorities submitted by the parties, and the entire record, the Court is of the opinion that respondent's motion should be granted, Womack's motion should be denied, and Womack's petition should be dismissed.

### I.     Background

Womack pled guilty in the 345th Judicial District Court of Montgomery County, Texas to violation of a civil commitment. That court sentenced him to eight years imprisonment. Womack did not appeal.

Womack sought state habeas corpus relief. The Texas Court of Criminal Appeals ("TCCA") denied relief without written order. SH at action taken sheet.[1]

Womack filed this federal petition for a writ of habeas corpus on July 21, 2015. Respondent moved for summary judgment on January 22, 2016. Womack responded on April 6,

---

[1]     "SH" refers to the transcripts of Womack's state habeas corpus proceedings.

2016, and filed a motion for summary judgment on April 11, 2016.  Respondent did not respond to Womack's motion.

## II.     The Applicable Legal Standards

### A.     The Anti-Terrorism and Effective Death Penalty Act

This federal petition for habeas relief is governed by the applicable provisions of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 335-36 (1997). Under the AEDPA, federal habeas relief based upon claims that were adjudicated on the merits by the state courts cannot be granted unless the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Kitchens v. Johnson*, 190 F.3d 698, 700 (5th Cir. 1999).

For questions of law or mixed questions of law and fact adjudicated on the merits in state court, this Court may grant federal habeas relief under 28 U.S.C. § 2254(d)(1) only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established [Supreme Court precedent]." *See Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001). Under the "contrary to" clause, this Court may afford habeas relief only if "'the state court arrives at a conclusion opposite to that reached by . . . [the Supreme Court] on a question of law or if the state court decides a case differently than . . . [the Supreme Court] has on a set of materially indistinguishable facts.'" *Dowthitt v. Johnson*, 230 F.3d 733, 740-41 (5th Cir. 2000) (quoting *Williams v. Taylor*, 529 U.S. 362, 406 (2000)).

The "unreasonable application" standard permits federal habeas relief only if a state court decision "identifies the correct governing legal rule from [the Supreme Court] cases but

unreasonably applies it to the facts of the particular state prisoner's case." *Williams*, 529 U.S. at 406. "In applying this standard, we must decide (1) what was the decision of the state courts with regard to the questions before us and (2) whether there is any established federal law, as explicated by the Supreme Court, with which the state court decision conflicts." *Hoover v. Johnson*, 193 F.3d 366, 368 (5th Cir. 1999). A federal court's "focus on the 'unreasonable application' test under Section 2254(d) should be on the ultimate legal conclusion that the state court reached and not on whether the state court considered and discussed every angle of the evidence." *Neal v. Puckett*, 239 F.3d 683, 696 (5th Cir. 2001), *aff'd*, 286 F.3d 230 (5th Cir. 2002) (en banc), *cert. denied sub nom. Neal v. Epps*, 537 U.S. 1104 (2003). The solitary inquiry for a federal court under the 'unreasonable application' prong becomes "whether the state court's determination is 'at least minimally consistent with the facts and circumstances of the case.'" *Id.* (quoting *Hennon v. Cooper*, 109 F.3d 330, 335 (7th Cir. 1997)); *see also Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001) ("Even though we cannot reverse a decision merely because we would reach a different outcome, we must reverse when we conclude that the state court decision applies the correct legal rule to a given set of facts in a manner that is so patently incorrect as to be 'unreasonable.'").

The AEDPA precludes federal habeas relief on factual issues unless the state court's adjudication of the merits was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254 (d)(2); *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). The State court's factual determinations are presumed correct unless rebutted by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see also Jackson v. Anderson*, 112 F.3d 823, 824-25 (5th Cir. 1997).

### B.     The Standard for Summary Judgment in Habeas Corpus Cases

"As a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases." *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000). Insofar as they are consistent with established habeas practice and procedure, the Federal Rules of Civil Procedure apply to habeas cases. *See* Rule 11 of the Rules Governing Section 2254 Cases. In ordinary civil cases, a district court considering a motion for summary judgment is required to construe the facts in the case in the light most favorable to the non-moving party. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986) ("The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor"). Where a state prisoner's factual allegations have been adversely resolved by express or implicit findings of the state courts, however, and the prisoner fails to demonstrate by clear and convincing evidence that the presumption of correctness established by 28 U.S.C. § 2254(e)(1) should not apply, it is inappropriate for the facts of a case to be resolved in the petitioner's favor. *See Marshall v. Lonberger*, 459 U.S. 422, 432 (1983); *Sumner v. Mata*, 449 U.S. 539, 547 (1981); *Foster v. Johnson*, 293 F.3d 766, 777 (5th Cir. 2002); *Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000); *Emery v. Johnson*, 940 F.Supp. 1046, 1051 (S.D. Tex. 1996), *aff'd*, 139 F.3d 191 (5th Cir. 1997). Consequently, where facts have been determined by the Texas state courts, this Court is bound by such findings unless an exception to 28 U.S.C. § 2254 is shown.

### III.    Analysis

Womack's petition raises three claims for relief. These are addressed in turn.

### A. <u>Waiver</u>

One of Womack's claims for relief challenges the sufficiency of the evidence to support a finding that he was adjudicated a sexually violent predator, and another challenges the constitutionality of the statute under which he was convicted.  As noted above, however, Womack pled guilty to the charges against him.

A voluntary guilty plea waives all non-jurisdictional defects that occurred prior to the plea. *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983).  Neither of these claims challenges the jurisdiction of the convicting court.  Therefore, as long as the plea was voluntary, Womack waived these two claims.

"A federal court will uphold a guilty plea challenged in a habeas corpus proceeding if the plea was knowing, voluntary and intelligent." *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995). "The critical issue in determining whether a plea was voluntary and intelligent is whether the defendant understood the nature and substance of the charges against him, and not necessarily whether he understood their technical legal effect." *Id.* (internal quotation marks and citation omitted).

Womack does not dispute the knowing, voluntary and intelligent nature of his plea, and the record clearly demonstrates that Womack understood the charges against him, the possible sentence he faced, and the rights he was waiving.  *See* SH at 80-85.  Because Womack's knowing, voluntary, and intelligent plea waived all non-jurisdictional defects arising prior to the plea, Womack waived his claims concerning the sufficiency of the evidence and constitutionality of the statute.

### B. Separation of Powers

In his second claim for relief, Womack argues that the Texas Constitution prohibits the Office of Sexually Violent Offender Management from passing or enforcing legislation or rules that are punitive in nature. He contends that his prosecution violated separation of powers provisions of the Texas Constitution.

Womack raised this claim in his state habeas corpus application. *See* SH at 10. In denying the application without written order, the TCCA implicitly rejected this claim on the merits. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether the conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

Womack's second claim does not allege any violation of "the Constitution, laws, or treaties of the United States." Rather, it alleges a violation of the Texas state Constitution. This claim is not cognizable in federal habeas corpus.

### IV. Conclusion

For the foregoing reasons, respondent's motion for summary judgment is granted, Womack's motion for summary judgment is denied, and Womack's petition is dismissed with prejudice.

### V. Certificate of Appealability

Womack has not requested a certificate of appealability ("COA"), but this Court may determine whether he is entitled to this relief in light of the foregoing rulings. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) ("It is perfectly lawful for district court's [sic] to

deny COA *sua sponte*. The statute does not require that a petitioner move for a COA; it merely states that an appeal may not be taken without a certificate of appealability having been issued.") A petitioner may obtain a COA either from the district court or an appellate court, but an appellate court will not consider a petitioner's request for a COA until the district court has denied such a request. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1988); *see also Hill v. Johnson*, 114 F.3d 78, 82 (5th Cir. 1997) ("[T]he district court should continue to review COA requests before the court of appeals does."). "A plain reading of the AEDPA compels the conclusion that COAs are granted on an issue-by-issue basis, thereby limiting appellate review to those issues alone." *Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997).

A COA may issue only if the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also United States v. Kimler*, 150 F.3d 429, 431 (5th Cir. 1998). A petitioner "makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further." *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir.), *cert. denied*, 531 U.S. 966 (2000). The Supreme Court has stated that:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where . . . the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

This Court has carefully considered Womack's petition and concludes that Womack fails to make a substantial showing of the denial of a constitutional right. The court concludes that jurists of reason would not find this Court's ruling debatable. This Court concludes that Womack is not entitled to a certificate of appealability.

### VI. Order

For the foregoing reasons, it is ORDERED as follows:

1. Respondent Lorie Davis' motion for summary judgment (Dkt. No. 18) is GRANTED;

2. Petitioner Richard Allen Womack's Motion for Summary Judgment (Dkt. No. 22) is DENIED;

3. Petitioner Richard Allen Womack's petition for a writ of habeas corpus (Dkt. No. 1) is DISMISSED WITH PREJUDICE; and

4. No certificate of appealability shall issue.

The Clerk shall notify all parties and provide them with a true copy of this Memorandum and Order.

SIGNED on this 14th day of June, 2016.

Kenneth M. Hoyt
United States District Judge